IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. W-18-CR-257(9)-ADA |
| | § | |
| PATRICIA ANN NAVARRO-EATON | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

The defendant was found guilty of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 {21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii)}. The Court sentenced the defendant to ninety-six (96) months, followed by a five-year term of supervised release; a $500.00 fine, and a $100.00 special assessment. The defendant began her supervision on June 7, 2024. On December 18, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of her release and seeking a show-cause

1

hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of her release in the following instances:

**Violation Number 1:** The defendant violated Mandatory Condition Number 3, in that on or about June 28, 2024, the defendant submitted a urine specimen that tested positive for Methamphetamine and Amphetamine. On July 1, 2024, Patricia Ann Navarro-Eaton admitted that she had relapsed and consumed methamphetamine on the morning of June 28, 2024.

**Violation Number 2:** The defendant violated Mandatory Condition Number 3, in that on or about July 1, 2024, and August 15, 2024, Patricia Ann Navarro-Eaton tested positive for methamphetamine and subsequently admitted use. In addition to standard urine testing, a Pharmchem sweat testing patch was applied on August 20, 2024, and removed on September 3, 2024. The results from that test were positive for methamphetamine.

**Violation Number 3:** The defendant violated Mandatory Condition Number 3, in that on or about November 20, 2024, Patricia Ann Navarro-Eaton tested positive for methamphetamine on a urine dip test. The defendant denied using any illegal substances. There was not enough urine provided for a lab analysis, so a Pharmchem sweat testing patch was applied. The patch was removed on December 4, 2024. The results from that test were positive for methamphetamine.

## II. FINDINGS OF THE COURT

On January 6, 2025, the Court held a hearing on the petition. At that hearing, Defendant pleaded TRUE as to violation numbers 1, 2, and 3. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

1)   The defendant violated the conditions of her supervision as alleged in the petition.

2)   The defendant was competent to make the decision to enter a plea to the allegations.

3)   The defendant had both a factual and rational understanding of the proceedings against her.

4)   The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5) The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6) The defendant was sane and mentally competent to stand trial for these proceedings.

7) The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8) The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9) The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12) The defendant understood her statutory and constitutional rights and desired to waive them.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that she be remanded to the custody of the U.S. Marshal for ten (10) months, with no term of supervised release to follow. The defendant should receive credit for time served since her arrest.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 11th day of February 2025.**

_____
**DEREK T. GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**